UNITED STATES DISTRICT COURT

ORIGINAL FOR THE EASTERN DISTRICT OF NEW YORK

Jamel Martin,
    petitioner,

Versus,

Duke Terrell, Warden,
Federal Correctional Institution
Post Office Box 329002
Brooklyn, New York 11232,
    Respondent.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 2 1 2010
P.M.
TIME A.M.

CV 10- 3959

ROSS, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 25 2010 ★
BROOKLYN OFFICE

PETITIONER MOTION FOR A SENTENCING REDUCTION

PURSUANT TO 28 U.S.C. 2241.

COMES NOW, Petition Jamel Martin, Pro-se, from Metropolitan Detention Center, Brooklyn, New York, respectfully requesting this Honorable Court to grant Petitioner a sentencing reduction pursuant to United States Sentencing Guidelines 5K2.0. Petitioner Jamel Martin thereof states the alleges:*1

Statement of case

On or about August-27-2005, Petitioner Jamel Martin was indicted by the United States Distric Court, for the Eastern

---

*1/Petitioner Jamel Martin was notified by Fort Dix FCI Camp that his final destination is Metropolitan Detention Center, brooklyn New York a maximum security prison where he has to serve approxmately 30 months of his sentence. In this case 28 U.S.C 2241 is the appropriate remedy.

(1)

*[Handwritten note:]* This court is not empowered under any provision of law to reduce J. Martin's sentence at this time. The application is therefore dismissed and the clerk of Court is directed to close the file. So ordered. 9/17/10 cc: J. Martin

District of New York, for conspiracy to Distribute 5 grams of cocaine base, in violation of 21 U.S.C. 846 and 841(B) (1) (B) (III). After a guilty plea, on or about Febuary 15, 2007, Petitioner was sentenced to 60 months of imprionment. Petitioner was then transferred to Federal Correctional Instition Forrest City, Arkansas low After 15 month clear conduct Petitioner was transferred to Fort Dix Correctional Camp, New Jersey to serve his sentence. Petitioner was then Classified as a minimum out-custody prisoner and then transferred to Metropolitan Detention Center, which is a maximum security prison to serve the final 30 months of his sentence.
(SEE EXHIBIT (A) CUSTODY CLASSIFICATION SHEET)

ISSUE

PETITIONER JAMEL MARTIN RESPECTFULLY REQUESTING A TWO LEVEL SENTENCING REDUCTION PURSUANT TO UNITED STATES GUIDELINE 5K2.0, FOR HARSH INCARCERATION.

At Metropolitan Detention Center, prisoners are lockdown 24 hours daily (2) prisoners has no access to sunlight (3) no fresh air (4) no air condion in the summer (5) housing units exceeds over 100 degrees in the summer (6) limited access to the law library (7) limited medical treament (8) no recreation (9) limited access to the leisure library (10) working among maximum security prisoners waiting to be sentence to life.

Argument

The bureau of Prisons classified Petitioner Jamel Martin as a minimum security out-custody prisoner and then transferred this Petitioner to a maximum security prison, Metropolitan Detention Centwer, Brooklyn, New York to serve at least 30 months of harsh incarceration. As of September 2010, Petitioner Jamel Martin as completed at least 12 months of harsh incarceration Petitioner Jamel Martin had suffered from emotional distress, stress, frustration, pain, phycological trama and a lot more from harsh incarceration at Metropolitan Dentention Center, Brooklyn, New York, Which is a maximum security prison.
This court should at least reduce this Petitioner sentence by 20 months for harsh incarceration, at Metropolitan Detention Center, which is a Maximum Security Prison.
Wherefore, Petitioner Jamel Martin respecfully requesting this Honorable Court to grant Petitioner a sentencing reduction of 20 months for harsh incarceration.

Respectfully Submitted,

*Jamel Martin*

Jamel Martin, pro-se
Register No. 73603-053
MDC Brooklyn
P.O. BOX 329002
Brooklyn, NY 11232


CC: Duke Terrell, Warden
    Metropolitan Detention Center
80-29th street
    Brooklyn, NY 11232


August 15, 2010


(3)

## MEMORANDUM OF LAW TO SUPPORT PETITIONER MOTION PURSUANT TO 28 U.S.C. 2241.

The exhaustion of Administrative Remedy would be futile because the Bureau of Prisons does not have authority to amend a prisoner sentence or reduce a prisoner sentence.

The exhaustion requirement may be waived when administrative remedies "would either be futile or render the legal issue moot." Goren-v-Apker, 2006 WL 1062904, *4 (S.D.N.Y April 20, 2006), See also Pimentel-v-Gonzalez, 367 F. Supp.2d 365, 371 (E.D.N.Y 2005).

## THE LEGALITY OF A DOWNWARD DEPARTURE BASED ON THE CONDITIONS OF CONFINEMENT

The United States Sentencing Commission ("Commission") created by Congress pursaunt to the Sentencing Reform Act of 1984, developed the Guidelines to create uniformity in sentencing. Despite the goal of uniformity, the Guidelines allow for a sentencing judge to exercise discretion and depart from the suggested range in appropriate cases. United States Sentencing Manuel § 5K2.0(1998) States:

Under 18 U.S.C. 3553(b), the sentencing court may imposed a sentence outside the range established by the applicable Guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

...The decision as to whether and to what extent departure is warranted rests with the sentencing court on a case-specific basis.

(1)

To determine whether a circumstance was adequately taken into consideration by the Commission, Congress instructed courts to consider only the sentencing guidelines, policy statement, and official commentary of the Sentencing Commission. See, Koon-v-United States, 518 U.S. 81 (1996) Quoting 1 U.S.C. §3553(b)). In deciding whether or not to depart from the Guideline range for a particular reason, the court must analyze whether the factor is one forbidden, encouraged, discouraged, or unmentioned in the Guidelines as a reason for departure. See id. at 95-96, 116 S.Ct 2035 (adopting the four factor analysis of United States -v-Rivera, 994 F.2d 942, 949 (1st. Cir. 1993), Koon, the Supreme Court precedent on departures, further states:

If a factor is unmentioned in the Guidelines, the court must, after considering the "structure and theory of both relevant individual guidelines and the guidelines taken as a whole," [Rivera], decided whether it is insufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the guidelines will "highly infrequent." 1995 U.S.S.G. ch. 1, pt. A, p. 6, Koon, 518 U.S. at 96,

Although departures based on conditions of confinement are not encouraged by THE Guidelines, they also are not discouraged; in fact, conditions of confinement is an unmentioned factor.

In, United States-v-Francis, 129 F.Supp.2d 612(S.D.N.Y. 2001), condition of confinement below those in Federal Institution

(2)

provide grounds for a departure under United States Sentencing Guidelines §5K2.0. See, United States-v-Sutton, 973 F. Supp. 488, 491-95 (D.N.J. 1997). See, Mateo-v-United States, 299 F.Supp.2d 201 (S.D.N.Y. 2004).

Departing downward based on defendant's thirteen and one-half month pretrial detention at a state facility where he suffered severe physcological trama "under qualitatively different conditions. See United States-v-Teyer, 322 F.Supp.2d 359 (S.D.N.Y. 2004).

See, McClary-v-Kelley, 4 F.Supp.2d 195, 208 (W.D.N.Y 1998) "[S]olitary confinement may cause serious phychological ill effects. See Brooks-v-United Staets, 2008 LEXIS 85658 (E.D.N.Y. 2008).

(3)----

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

Jamel Martin,
    petitioner,

Versus,

                                Civil Case No:

Duke Terrell, Warden,
Federal Correctional Institution
Post Office Box 329002
Brooklyn, New York 11232,
    Respondent.

## PETITIONER MOTION FOR A SENTENCING REDUCTION

## PURSUANT TO 28 U.S.C. 2241.

**COMES NOW,** Petition Jamel Martin, Pro-se, from Metropolitan Detention Center, Brooklyn, New York, respectfully requesting this Honorable Court to grant Petitioner a sentencing reduction pursuant to United States Sentencing Guidelines 5K2.0. Petitioner Jamel Martin thereof states the alleges:*1

### Statement of case

On or about August-27-2005, Petitioner Jamel Martin was indicted by the United States Distric Court, for the Eastern

---

*1/Petitioner Jamel Martin was notified by Fort Dix FCI Camp that his final destination is Metropolitan Detention Center, brooklyn New York a maximum-security prison where he has to serve approxmately 30 monthsof his sentence. In this case 28 U.S.C 2241 is the appropriate remedy.

(1)

(2)

District of New York, for conspiracy to Distribute 5 grams of cocaine base, in violation of 21 U.S.C. 846 and 841(B) (1) (B) (III). After a guilty plea, on or about Febuary 15, 2007, Petitioner was sentenced to 60 months of imprionment. Petitioner was then transferred to Federal Correctional Instition Forrest City, Arkansas low After 15 month clear conduct Petitioner was transferred to Fort Dix Correctional Camp, New jersey to serve his sentence. Petitioner was then Classified as a minimum out-custody prisoner and then transferred to Metropolitan Detention Center, which is a maximum security prison to serve the final 30 months of his sentence.

(SEE EXHIBIT (A) CUSTODY CLASSIFICATION SHEET)

ISSUE

PETITIONER JAMEL MARTIN RESPECTFULLY REQUESTING A TWO LEVEL SENTENCING REDUCTION PURSUANT TO UNITED STATES GUIDELINE 5K2.0, FOR HARSH INCARCERATION.

At Metropolitan Detention Center, prisoners are lockdown 24 hours daily (2) prisoners has no access to sunlight (3) no fresh air (4) no air condion in the summer (5) housing units exceeds over 100 degrees in the summer (6) limited access to the law library (7) limited medical treament (8) no recreation (9) limited access to the leisure library (10) working among maximum security prisoners waiting to be sentence to life.

Argument

The bureau of Prisons classified Petitioner Jamel Martin as a minimum security out-custody prisoner and then transferred this Petitioner to a maximum security prison, Metropolitan Detention Centwer, Brooklyn, New York to serve at least 30 months of harsh incarceration. As of September 2010, Petitioner Jamel Martin as completed at least 12 months of harsh incarceration Petitioner Jamel Martin had suffered from emotional distress, stress, frustration, pain, phycological trama and a lot more from harsh incarceration at Metropolitan Dentention Center, Brooklyn, New York, Which is a maximum security prison.

This court should at least reduce this Petitioner sentence by 20 months for harsh incarceration, at Metropolitan Detention Center, which is a Maximum Security Prison.

Wherefore, Petitioner Jamel Martin respecfully requesting this Honorable Court to grant Petitioner a sentencing reduction of 20 months for harsh incarceration

Respectfully Submitted,

*Jamel Martin*

Jamel Martin, pro-se
Register No. 73603-053
MDC Brooklyn
P.O. BOX 329002
Brooklyn, NY 11232

CC: Duke Terrell, Warden
    Metropolitan Detention Center
80-29th street
    Brooklyn, NY 11232

August 15, 2010

(3)

## MEMORANDUM OF LAW TO SUPPORT PETITIONER MOTION PURSUANT TO 28 U.S.C. 2241.

The exhaustion of Administrative Remedy would be futile because the Bureau of Prisons does not have authority to amend a prisoner sentence or reduce a prisoner sentence.

The exhaustion requirement may be waived when administrative remedies "would either be futile or render the legal issue moot." Goren-v-Apker, 2006 WL 1062904, *4 (S.D.N.Y April 20, 2006), See also Pimentel-v-Gonzalez, 367 F. Supp.2d 365, 371 (E.D.N.Y 2005).

## THE LEGALITY OF A DOWNWARD DEPARTURE BASED ON THE CONDITIONS OF CONFINEMENT

The United States Sentencing Commission ("Commission") created by Congress pursaunt to the Sentencing Reform Act of 1984, developed the Guidelines to create uniformity in sentencing. Despite the goal of uniformity, the Guidelines allow for a sentencing judge to exercise discretion and depart from the suggested range in appropriate cases. United States Sentencing Manuel § 5K2.0(1998) States:

Under 18 U.S.C. 3553(b), the sentencing court may imposed a sentence outside the range established by the applicable Guidelines, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

...The decision as to whether and to what extent departure is warranted rests with the sentencing court on a case-specific basis.

(1)

To determine whether a circumstance was adequately taken into consideration by the Commission, Congress instructed courts to consider only the sentencing guidelines, policy statement, and official commentary of the Sentencing Commission. See, Koon-v-United States, 518 U.S. 81 (1996) Quoting 1 U.S.C. §3553(b)). In deciding whether or not to depart from the Guideline range for a particular reason, the court must analyze whether the factor is one forbidden, encouraged, discouraged, or unmentioned in the Guidelines as a reason for departure. See id. at 95-96, 116 S.Ct 2035 (adopting the four factor analysis of United States -v-Rivera, 994 F.2d 942, 949 (1st. Cir. 1993), Koon, the Supreme Court precedent on departures, further states:

If a factor is unmentioned in the Guidelines, the court must, after considering the "structure and theory of both relevant individual guidelines and the guidelines taken as a whole," [Rivera], decided whether it is insufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the guidelines will "highly infrequent." 1995 U.S.S.G. ch. 1, pt. A,p.6, Koon, 518 U.S. at 96,

Although departures based on conditions of confinement are not encouraged by THE Guidelines, they also are not discouraged; in fact, conditions of confinement is an unmentioned factor.

In, United States-v-Francis, 129 F.Supp.2d 612(S.D.N.Y. 2001), condition of confinement below those in Federal Institution

(2)

provide grounds for a departure under United States Sentencing Guidelines §5K2.0. See, <u>United States-v-Sutton,</u> 973 F. Supp. 488, 491-95 (D.N.J. 1997). See, <u>Mateo-v-United States,</u> 299 F.Supp.2d 201 (S.D.N.Y. 2004).

Departing downward based on defendant's thirteen and one-half month pretrial detention at a state facility where he sufferred severe physcological trama "under qualitatively different conditions. See <u>United States-v-Teyer,</u> 322 F.Supp.2d 359 (S.D.N.Y. 2004).

See, <u>McClary-v-Kelley,</u> 4 F.Supp.2d 195, 208 (W.D.N.Y 1998) "[S]olitary confinement may cause serious phychological ill effects. See <u>Brooks-v-United Staets,</u> 2008 LEXIS 85658 (E.D.N.Y. 2008).

(3)-----